IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WEST,

      **Plaintiff,**

   v.                                                  CASE NO. 24-3233-JWL

UNITED STATES, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is incarcerated at Hazelton-FCI in Bruceton Mills, West Virginia. The Court granted Plaintiff leave to proceed in forma pauperis. On January 24, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until February 24, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's second Motion for Appointment of Counsel (Doc. 13).

Plaintiff previously filed a motion to appoint counsel (Doc. 9) that the Court denied in a February 4, 2025 Memorandum and Order (Doc. 10) ("M&O"). In his second motion to appoint counsel, Plaintiff references his prior motion and argues that his case has merit. (Doc. 13, at 1.) Plaintiff argues that if the Court grants a hearing on Plaintiff's Complaint, counsel can provide the evidence to support the case along with a witness. *Id*.

The Court denies the current request for the same reasons set forth in the Court's M&O denying his prior motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the

1

discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Plaintiff has until February 24, 2025, to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 13) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated February 19, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**