IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WEST,

      **Plaintiff,**

      v.                                                      CASE NO. 24-3233-JWL

UNITED STATES, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is currently incarcerated at Hazelton-FCI in Bruceton Mills, West Virginia. The Court granted Plaintiff leave to proceed in forma pauperis. On January 24, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 15).

Plaintiff alleges that Mary A. Noland, BOP Regional Counsel, denied his tort claim. (Doc. 4, at 1.) Plaintiff claims that "defendant" was negligent when Food Service served pork on March 25, 2023, during Ramadan at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). *Id.* at 2. Plaintiff claims that he was placed on administrative segregation on October 20, 2023, in retaliation for his religious beliefs "because there was no evidence supporting the incident report to place the Plaintiff in segregation." *Id.* at 2–3.

Regarding the pork that was served, Plaintiff states that the witnesses are Spears and Gomaz "the two C/Os as Plaintiff [sic] supervisor and Ms. Mack, on the ZP exeptem [sic] in the SENTRY." *Id.* at 3. Plaintiff attaches the label from a package of chicken bratwurst that shows the ingredients include "stuffed in a natural pork casing." (Doc. 4–1.)

1

Plaintiff also claims that Mr. Allen did not allow Plaintiff to be present during the inventory process from the SHU, in violation of BOP policy. (Doc. 4, at 4.) Mr. Allen is not named as a defendant.

Plaintiff names the United States and Mary A. Noland as defendants. Plaintiff seeks compensatory damages in the amount of "$600.00 for the ZP except and $2.500. for the personal property that was demolish [sic] and $2.500 violating [Plaintiff's] religio[us] beliefs." *Id*. at 6.

Plaintiff filed a "Motion for the Court to Consider on the Above Case" (Doc. 3). In the motion, Plaintiff argues that he has been trying to settle the claims with Defendant Noland for over one year and she denied Plaintiff's request to settle. (Doc. 3, at 1.) Plaintiff filed a second "Motion for the Court to Consider on the Complaint" (Doc. 5), claiming that "BOP Staff" were negligent when his family photos were demolished when he packed out to transfer to FCI-Hazelton. (Doc. 5, at 1.) Plaintiff asks the Court to consider his claims under the Federal Tort Claims Act and to "have the Regional Counsel settle the Claims with the Plaintiff." *Id*.

The Court found in the MOSC that Plaintiff does not have a claim under 42 U.S.C. § 1983 because he provides no factual claim or support for a claim that any defendant acted under color of state law; Plaintiff has not shown that a *Bivens* remedy is available for his claims; Plaintiff failed to state a constitutional violation; any request for compensatory damages is barred by 42 U.S.C. § 1997e(e); where an adequate postdeprivation remedy exists, a plaintiff cannot assert a constitutional claim for the intentional deprivation of property; and because Plaintiff is no longer housed as FCIL, any request for injunctive relief would be moot.

The Court found that Plaintiff's allegation that pork was negligently served on one occasion at FCIL failed to state a constitutional violation. The Court held that mere inconvenience, negligence, and isolated or sporadic incidents, are not sufficient to show a

substantial burden on religious exercise. Regarding Plaintiff's allegation that his placement in the SHU was retaliatory, the Court found that Plaintiff failed to provide any factual support for this claim and failed to name any individual that allegedly retaliated against him. The Court also found that any claim based on the failure to follow BOP regulations was subject to dismissal for failure to state a constitutional violation.

In his response, Plaintiff argues that BOP Regional Counsel denied his tort claim, and that there is evidence to support his allegation that "Food service" was negligent when it served pork to the whole population on March 25, 2023, during Ramadan. (Doc. 15, at 1.) Plaintiff alleges that he was retaliated against by being placed in administrative segregation on October 20, 2023, with no evidence to support the incident report. *Id*. Plaintiff also alleges that he was "let go" from working in Food Service. *Id*. Plaintiff reasserts his claims regarding the loss of his property. *Id*. at 2.

Plaintiff's response reasserts his claims, but fails to address any of the deficiencies noted in the MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has filed a "Motion for the Court to Consider" (Doc. 17), setting forth his attempts to pay the $17.50 initial partial filing fee that was assessed by the Court. The fee was due by February 21, 2025, and has not been received by the Court. Plaintiff asks the Court to order the agency to submit payments to the Court from Plaintiff's account. Because the Court is not dismissing this case based on failure to submit the fee, the motion is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Consider (Doc. 17) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated February 28, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**