IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WEST,

      **Plaintiff,**

v.                                                     CASE NO. 24-3233-JWL

UNITED STATES, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is currently incarcerated at Hazelton-FCI in Bruceton Mills, West Virginia. The Court granted Plaintiff leave to proceed in forma pauperis. On January 24, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court reviewed Plaintiff's response (Doc. 15), and on February 28, 2025, entered a Memorandum and Order (Doc. 18) ("M&O") dismissing this matter for failure to state a claim.

This matter is before the Court on Plaintiff's "Motion for the Court to Look at the Proof and Evidence on the Above Case" (Doc. 23). Plaintiff argues that he timely responded to the MOSC and all of his proof and evidence is in his original Complaint that was filed on December 20, 2024. (Doc. 23, at 1–2.) Plaintiff then argues that his case has merit. *Id*. at 2. He also argues that there is good reason to appoint counsel. *Id*. at 3. Plaintiff asks the Court to appoint counsel and to conduct a video hearing to allow him to argue his case. *Id*.

Plaintiff previously filed a motion to appear by video. (Doc. 21.) The motion was filed after this case was dismissed and closed. In that motion, Plaintiff also argued that he responded to the MOSC by the deadline, and that his response provided good cause as to why his case

1

should not be dismissed.  (Doc. 21, at 1–2.)  In denying that motion, the Court advised Plaintiff that the docket in this case does reflect that the Court received and docketed Plaintiff's response (Doc. 15), as well as a notice (Doc. 16), and Motion for Order (Doc. 17).  The Court advised Plaintiff that the Court found in the M&O dismissing this case, that "Plaintiff's response reasserts his claims, but fails to address any of the deficiencies noted in the MOSC."  (Doc. 18, at 3.)

Nothing in Plaintiff's current motion warrants reconsideration of the dismissal in this case.  Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.[1]  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of

---

[1] Although Plaintiff's motion was received and docketed on April 2, 2025, Plaintiff signed the motion on March 8, 2025.

a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its February 28, 2025 Order and Judgment, and that ruling stands.

Plaintiff's current motion once again seeks permission to argue his case by video and to have counsel appointed. This case was dismissed, and reconsideration of the dismissal is not warranted. Therefore, any request to appear by video or for the appointment of counsel is denied as moot. Any further motions filed by Plaintiff in this closed case will be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Look at the Proof and Evidence on the Above Case (Doc. 23) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated April 3, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE