# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RONALD WEST,**

     **Plaintiff,**

     v.                          **CASE NO.  24-3233-JWL**

**UNITED STATES, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is currently incarcerated at Hazelton-FCI in Bruceton Mills, West Virginia.  The Court granted Plaintiff leave to proceed in forma pauperis. On January 24, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  The Court reviewed Plaintiff's response (Doc. 15), and on February 28, 2025, entered a Memorandum and Order (Doc. 18) ("M&O") dismissing this matter for failure to state a claim.

This matter is before the Court on Plaintiff's Motion to Reopen Case (Doc. 25).  This is Plaintiff's third motion filed after the case was dismissed.  Plaintiff previously filed a motion to appear by video.  (Doc. 21.)  The motion was filed after this case was dismissed and closed.  In that motion, Plaintiff argued that he responded to the MOSC by the deadline, and that his response provided good cause as to why his case should not be dismissed.  (Doc. 21, at 1–2.)  In denying that motion, the Court advised Plaintiff that the docket in this case does reflect that the Court received and docketed Plaintiff's response (Doc. 15), as well as a notice (Doc. 16), and Motion for Order (Doc. 17).  The Court advised Plaintiff that the Court found in the M&O

dismissing this case, that "Plaintiff's response reasserts his claims, but fails to address any of the deficiencies noted in the MOSC." (Doc. 18, at 3.)

Plaintiff then filed a "Motion for the Court to Look at the Proof and Evidence on the Above Case" (Doc. 23). Plaintiff argued that he timely responded to the MOSC and all of his proof and evidence is in his original Complaint that was filed on December 20, 2024. (Doc. 23, at 1–2.) Plaintiff then argued that his case has merit. *Id*. at 2. He also asked the Court to appoint counsel and to conduct a video hearing to allow him to argue his case. *Id*. The Court treated the motion as a motion under Fed. R. Civ. P. 59(e). In denying that motion, the Court found that nothing in the motion warranted reconsideration of the dismissal in this case. The Court advised Plaintiff that "[a]ny further motions filed by Plaintiff in this closed case will be summarily denied." (Doc. 24, at 3.)

In his current motion seeking to reopen this case, Plaintiff continues to argue about his lost property, ZP exemption, and the failure to follow BOP policies. (Doc. 25.) Plaintiff continues to argue that he is trying to settle with Regional Counsel and states that he would like to reopen this case "for his personal property and ZP exept [sic] after the three months if there is no settlement." (Doc. 25–2, at 2.) Plaintiff continues to argue about his attempt to pay the $17.50 initial partial filing fee, even though the Court noted in the M&O that the Court was not dismissing the case based on the failure to submit the fee. (Doc. 18, at 3.)

Because Plaintiff's motion to reopen was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).  Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).  "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).  Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id.*

Plaintiff continues to rehash his arguments without addressing the deficiencies noted in the Court's MOSC.  Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).  Plaintiff's motion to reopen this case is denied.  Any further motions filed in this closed case may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Case (Doc. 25) is treated as a motion under Fed. R .Civ. P. Rule 60(b) and is **denied**.

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated April 29, 2025, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**