IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD WEST,

    **Plaintiff,**

v.                                                            CASE NO. 24-3233-JWL

UNITED STATES, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is currently incarcerated at Hazelton-FCI in Bruceton Mills, West Virginia. The Court granted Plaintiff leave to proceed in forma pauperis. On January 24, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court reviewed Plaintiff's response (Doc. 15), and on February 28, 2025, entered a Memorandum and Order (Doc. 18) dismissing this matter for failure to state a claim. On April 29, 2025, the Court entered a Memorandum and Order (Doc. 26) denying Plaintiff's motion to reopen this case.

On May 9, 2025, Plaintiff filed a Notice of Appeal (Doc. 27). The Tenth Circuit Court of Appeals affirmed this Court's decision, and the mandate issued on November 10, 2025 (Doc. 32). On November 24, 2025, Plaintiff filed a Motion for Appointment of Counsel (Doc. 33). In his motion, Plaintiff acknowledges that he received the Tenth Circuit's mandate, but argues that "with the issuance of the letter, jurisdiction was transferred back to the Lower Court." (Doc. 33, at 1.) Plaintiff then asks this Court to appoint him counsel, arguing that he is unable to afford counsel

and that the issues involved in the case are complex. *Id*. at 2. Plaintiff then argues the merits of his claims. *Id*. at 3–4.

The Court understands Plaintiff's confusion, because the letter sent with the mandate states that "[w]ith the issuance of this letter, jurisdiction is transferred back to the lower court." (Doc. 32–1.) This statement merely reflects that the appeal process has concluded. This case was not remanded to this Court for further proceedings. The Tenth Circuit's Order and Judgment states that:

> The district court directed West to show cause as to why his complaint should not be dismissed for inadequate pleading. Reviewing West's response, the court held that he failed to state a claim and dismissed the case. It also denied West's two post-judgment motions seeking relief. West appeals the court's dismissal of the civil action, as well as denial of his post-judgment motions.
> Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**. West has not satisfied the necessary pleading standards.

(Doc. 32, at 1–2.) The Tenth Circuit noted that this Court dismissed Plaintiff's case for failure to state a claim. *Id*. at 4. The Tenth Circuit found that "like the district court, we conclude that these arguments cannot support a claim for relief, even when liberally construed." *Id*. at 6. The Tenth Circuit also held that while Plaintiff requested that the case be remanded to have the BOP settle his claims, "even if his complaint were meritorious, a court cannot order a party to settle a case. That decision is up to the parties." *Id*. at 6–7. Therefore, the Tenth Circuit affirmed this Court's dismissal. *Id*. at 7.

This case was dismissed and the Tenth Circuit affirmed that dismissal on appeal. Therefore, this case remains closed and Plaintiff's request for the appointment of counsel is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 33) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated November 25, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3